Helen F. Dalton & Associates, PC
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

ULPIANO ORTIZ on his own behalf
and on behalf of others similarly situated,

                Plaintiffs,                **COMPLAINT**

    -against-                           **JURY TRIAL**
                                             **DEMANDED**

LEADING BUILDING SERVICES, INC.,
And EDGAR LOPEZ, an individual,
                Defendants.
------------------------------------------------------------/

1. Plaintiff, Ulpiano Ortiz, (hereinafter referred to as "Plaintiff"), by his attorneys Helen F. Dalton & Associates, PC, alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, Ulpiano Ortiz, through undersigned counsel, brings this action against LEADING BUILDING SERVICES, INC., and EDGAR LOPEZ, an individual, (collectively, "Defendants") to recover damages for egregious violations of federal and state minimum wage and overtime laws arising out of Plaintiff's employment at LEADING BUILDING SERVICES, INC., located at 244 Fifth Avenue, suite A284, New York, New York 10001.

3. Plaintiff Ulpiano Ortiz was employed by Defendants to work as a custodian from August 1st, 2005 to December 31st, 2005 and again from April 1st, 2006 until his employment was terminated on or about August 10th, 2006. Although Plaintiff worked approximately fifty-six (56) to eighty (80) hours or more per

week during his employment, Defendants did not pay Plaintiff time and a half for hours worked over forty (40), a blatant violation of the overtime provisions contained in the Fair Labor Standards Act ("FLSA") and New York Labor Law.

4. As a result of these violations of federal and state labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

9. Plaintiff Ulpiano Ortiz resides at 4326 58 Street, Apt 3R Woodside, NY 11377 10456 in Queens Country, New York and was employed by LEADING BUILDING SERVICES, INC., located at 244 Fifth Avenue, suite A284, New York, New York 10001 in New York county from on or August 1st, 2005 to December 31st, 2005 and again from April 1st, 2006 until his employment was terminated on or about August 10th, 2006.

10. Upon information and belief, Defendants LEADING BUILDING SERVICES, INC., is a corporation organized under the laws of New York with a principal executive office at 85-34 54 Avenue, Elmhurst, New York, 11373.

11. Upon information and belief, EDGAR LOPEZ, owns and/or operates a hardware company that does business under the name LEADING BUILDING

SERVICES, INC., located at 244 Fifth Avenue, suite A284, New York, New York 10001

12. Upon information and belief, Defendant EDGAR LOPEZ, is the Chairman of the Board of LEADING BUILDING SERVICES, INC.,

13. Upon information and belief, Defendant EDGAR LOPEZ, is the Chief Executive Officer of LEADING BUILDING SERVICES, INC.,

14. Upon information and belief, Defendant EDGAR LOPEZ, is an agent of LEADING BUILDING SERVICES, INC.,

15. Upon information and belief, EDGAR LOPEZ, owns and/or operates a hardware company that does business under the name LEADING BUILDING SERVICES, INC., located at 244 Fifth Avenue, suite A284, New York, New York 10001

16. Upon information and belief, Defendant EDGAR LOPEZ, has power over personnel decisions.

17. Upon information and belief, Defendant EDGAR LOPEZ, has power over payroll decisions.

18. Defendant EDGAR LOPEZ has the power to hire and fire employees at LEADING BUILDING SERVICES, INC., establish and pay their wages, set their work schedule, and maintains their employment records.

19. During relevant times, Defendant EDGAR LOPEZ was Plaintiff's employer within the meaning of the FLSA and New York Labor Law.

20. On information and belief, LEADING BUILDING SERVICES, INC., is at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that both entities (i) have had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) have had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

21. Plaintiff Ulpiano Ortiz was employed by Defendants at "LEADING BUILDING SERVICES, INC.," located at 244 Fifth Avenue, suite A284, New York, New York 10001 from on or about from on or August 1st, 2005 to December 31st, 2005 and again from April 1st, 2006 until his employment was terminated on or about August 10th, 2006.

22. During his employment by Defendants at "LEADING BUILDING SERVICES, INC.," Plaintiff's primary duties were cleaning bathrooms, floors, taking out garbage and performing other miscellaneous duties as directed by supervisors and managers.

23. Defendants created a work schedule, requiring Plaintiff to work well more than forty hours (40) per week.

24. In fact, the schedule created by Defendants required Plaintiff to work approximately fifty-six (56) to eighty (80) hours or more per week.

25. At all relevant times, both federal and state law have required Defendants to pay Plaintiffs overtime wages at a wage rate of (1.5) times their regular rate for hours worked in excess of forty (40) hours per week.

26. During many or all weeks in which Plaintiff was employed by Defendants, Plaintiff worked in excess of forty (40) hours per week.

27. Defendants did not pay Plaintiff for his services and labor at a rate that is one and a half (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff was entitled for all hours worked over forty (40) in a workweek.

28. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at "LEADING BUILDING SERVICES, INC.," as required by both NYLL and the FLSA.

29. Defendants willfully violated Plaintiff's rights and fraudulently violated the requirements of the FLSA and NYLL by paying Plaintiff every few days, so as to avoid paying the required overtime rate for hours worked over forty (40) in a single workweek.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

30. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

31. Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. §216(b).

32. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

33. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

34. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of (1.5) times the minimum wage, the minimum regular rate of pay to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. § 207(a)(1).

35. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff.

36. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §§216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

37. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

38. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

39. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of (1.5) times the minimum wage, the minimum wage rate to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

40. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one-quarter of their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs s rights under the FLSA, New York Minimum Wage Act, and the New York Labor Law and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

d. Awarding Plaintiff's prejudgment and postjudgement interest;

e. Awarding Plaintiff's the costs of this action together with reasonable attorney's fees; and

f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 13th day of February 2008

_____
Roman Avshalumov  (RA 5508)
**Helen F. Dalton & Associates, PC**
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598