**LAW OFFICE OF MARGARET MAYORA**
20 BAY STREET LANDING, SUITE 1H
STATEN ISLAND, NEW YORK 10301

TEL: (718) 554-0482                          FAX: (718) 887-8570

April 15, 2008

**VIA HAND DELIVERY**
Hon. Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

*[Stamp: SDNY DOCUMENT ELECTRONICALLY FILED, DOC #: ___, DATE FILED: 4/28/08]*

      Re:    Request for Pre-Motion Conference
             Ortiz v. Leading Building Services, Inc., et al
             08-CV-02038 (RJS), (S.D.N.Y.)

Dear Judge Sullivan:

I represent defendants Leading Building Services, Inc. ("LBS") and Edgar Lopez in this action. I am writing, pursuant to your Individual Rules, to respectfully request a pre-motion conference as a predicate to making a motion pursuant to Rule 12 (b) of the Federal Rules of Civil Procedure.

In his complaint, plaintiff asserts that the court has subject matter jurisdiction as his claim arises under federal law, specifically, his claim arises under the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). Those provisions of the FLSA are found at sections 206 and 207 and their scope is limited to employees either "engaged in commerce" or "the production of goods and services for commerce". It is our contention that plaintiff's activities, while in the employ of defendant LBS, did not constitute activities whereby plaintiff was "engaged in commerce" or in the "production of goods and services for commerce".

LBS is a janitorial services company based in Midtown, Manhattan. And contrary to plaintiff's allegation in paragraph 11 of the complaint, my clients do not own and/or operate – indeed they have never owned and operated – a hardware store. LBS's current clientbase is based solely in the borough of Manhattan. Recent janitorial services by LBS were provided to clients in Queens and Brooklyn but those accounts have been long since terminated.

Consistent with the geographical location of its clientbase, LBS employed plaintiff to serve as a janitor for a building located in Chelsea section of Manhattan. The facts in plaintiff's complaint do not allege, and indeed could not allege, any facts to support that the activities so performed fall within the ambit of the FLSA minimum wage and overtime provisions.

RJS
April 15, 2008
Page 2 of 2

Additionally, the claim against defendant LBS should be dismissed as there is no personal jurisdiction and/or service of process was improper. Plaintiff's affidavit of service indicates that LBS a corporate entity, was served by leaving a copy of the complaint with a Ms. Kiris Taneja of Aerobeep & Voice-mail Services, Inc. Ms. Taneja, who is unknown to either defendant, is not an officer of LBS nor authorized to accept service on behalf of LBS.

Finally, plaintiff fails to state a claim upon which can be granted. The issue of plaintiff's hours was previously considered by the New York State Department of Labor in rejecting plaintiff's claim for unemployment benefits following his dismissal by LBS In denying plaintiff's claim for unemployment benefits, the Department of Labor's Letter of Determination stated, inter alia, that plaintiff was discharged for claiming hours he did not work. Plaintiff never appealed this Determination. Moreover, following his discharge, plaintiff signed a written acknowledgment that all outstanding wages were paid and that no wages remained due and owing to him from defendant LBS. In short, the issue of plaintiff's failure to work a full 40-hour work week has already been decided and indeed, plaintiff previously acknowledged that any wages due to him were paid.

Defendants respectfully reserve the right to assert the necessary defenses and counterclaims in its answer, should an answer be required in this action.

Thank you for your kind attention.

Respectfully,

Margaret Mayora

c:  (By Electronic (PDF) and Regular Mail:
    Roman Avshalumov, Esq. (RA 5508)
    Helen Dalton & Associates, PC
    69-12 Austin Street
    Forest Hills, New York, 11375

*The Court notes that this letter was not received until April 21, 2008. Pre-motion conference hereby scheduled for May 6, 2008 @ 9:30am.*

*Plaintiff is ordered to respond to this letter by May 1, 2008. The time to answer is hereby extended until the date of the premotion conference.*

SO ORDERED
Dated: 4/25/08
RICHARD J. SULLIVAN
U.S.D.J.